# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 50288 | DATE | 6/6/2013 |
| CASE TITLE | U.S. Bank, N.A. v. Antti, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for summary judgment [37] is granted. Plaintiff's motion to appoint special commissioner [40] is granted.

■[ For further details see text below.]

Docketing to mail notices.

---

Plaintiff, U.S. Bank, N.A., filed its complaint to foreclose mortgage on July 30, 2012 pursuant to the Illinois Mortgage Foreclosure Law, see 735 ILCS 5/15–1504, against defendants Grace Antti, Ralph Antti, and Comcor Mortgage Corporation. This court has jurisdiction over this action under 28 U.S.C. § 1332. The Anttis were served by publication in October and November 2012 and Comcor Mortgagge Corporation was served by corporate service on September 19, 2012. This court entered a default judgment against defendants on December 28, 2012, after they failed to answer or otherwise plead. On February 6, 2013, this court granted Ralph Antti's unopposed motion to vacate the judgment of foreclosure and directed defendants to file an answer to the complaint or otherwise plead by March 8, 2013. On March 7, 2013, Ralph Antti filed a document styled "Answers to Alleged Complaint" in which he stated that he totally disagreed with the amount allegedly owed. Currently before the court is plaintiff's motion for summary judgment filed on May 16, 2013 and supported with a Local Rule 56.1 statement of uncontested facts including those set forth below. Plaintiff served defendants with a notice of presentment of their motion on May 29, 2013. No defendant appeared in court on March 29, 2013, and the court took the motion under advisement. Plaintiff seeks summary judgment of foreclosure of the mortgaged premises.

Plaintiff is the successor to a mortgagee who lent defendants $168,000 in April 2007 in exchange for a note executed by defendants and a mortgage secured by the real property commonly described as 1109 Hilltop Blvd., McHenry, Illinois. Under the note, defendants agreed to make monthly payments on the first day of every month to reimburse the principal plus interest at an annual rate of 8.125% as well as taxes, insurance, and other escrow items. The mortgage provided, in pertinent part, that:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property . . . .

> If [after notice] the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

In August 2008, defendants failed to pay the monthly installments of principal, interest, taxes, insurance and other escrow items. Defendants have failed to make payments on the Note from August 1, 2008 through the present. MERS, as nominee Aegis, executed an Assignment of Mortgage to Litton Loan Servicing, LP on January 20, 2009. Litton Loan Servicing, LP executed an Assignment of Mortgage to plaintiff on January 13, 2012. As of August 3, 2012, there remains an outstanding principal balance of $249,277.63 with interest accruing on the unpaid principal balance at $27.09 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by plaintiff as a result of the default. Plaintiff has incurred reasonable attorney fees and other litigation and foreclosure expenses totaling $3,131.

Where defendant fails to respond to the moving party's Local Rule 56.1(a) statement of material facts, the court is entitled to find the facts recited therein admitted. See L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). Thus, it is undisputed that defendants were required to make monthly payments under the contractual terms of the note, that they have failed to do so, and that there remains an outstanding balance on the note that continues to accrue interest. Nor is it disputed that plaintiff has possession of the note or that the note is authentic. Consequently, there is no genuine issue as to any material fact and plaintiff is entitled to summary judgment.